Terry L. TININ,

v.

LAREDO CONSTRUCTION, INC.

No. CIV.A. G–97–054.

United States District Court,
S.D. Texas,
Galveston Division.

Sept. 29, 1997.

Dennis M. McElwee, Schechter and Marshall, Houston, TX, for Plaintiff.

Jad J. Stepp, Dennis John Sullivan, Kleberg Law Firm, Houston, TX, for Defendant.

## ORDER GRANTING SUMMARY JUDGMENT

KENT, District Judge.

In this action, Plaintiff Terry L. Tinin alleges seaman status in order to recover damages pursuant to the Jones Act, 46 U.S.C.App. § 688. Now before the Court is Defendant Laredo Construction, Inc.'s Motion for Summary Judgment on the ground that Plaintiff is not a seaman. For the reasons set forth below, the motion is **GRANTED.**

### I. STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56. The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If the evidence is such that no reasonable fact-finder could find in favor of the nonmoving party, summary judgment should be granted. *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). For purposes of determining seaman status under the Jones Act, the question is one for the Court, and therefore appropriate for summary judgment, where there is only one rational inference to be drawn from the evidence. *See Owens v. Diamond M Drilling Company*, 487 F.2d 74, 76 (5th Cir.1973).

### II. FACTUAL BACKGROUND

Plaintiff was employed by Laredo Construction as a welder between 1991 and 1996. Laredo performs both fabrication and installation on fixed offshore platforms, as well as removal and salvage of fixed platforms located in the Gulf of Mexico. The company uses time-chartered lift boats, or jack-up barges, in its business. These vessels are used as support stationary platforms with facilities to house and feed Laredo's employees who are working on the fixed offshore platform, and to transport supplies and salvaged materials to and from the site. Each vessel has its own crew responsible for its navigation, operation, and maintenance.

The Plaintiff was employed by Defendant as a welder, with the primary duty of cutting or burning the fasteners and structural members of fixed platforms so that the platform could be disassembled and the components of the platform salvaged. Plaintiff was allegedly injured in August of 1995 in the course of his employment aboard the M/V DULARGE. Although he was not a member of the crew of any vessel, Plaintiff nevertheless claims that he performed various duties which would qualify him as a seaman and allow him to recover under the Jones Act for his injuries. Specifically, Plaintiff points to the fact that he has steered the DULARGE "two or three times," welded a handrail on the vessel, cut a hole in the deck so that the engines could be repaired, has handled the lines, and has operated a small crane. Plaintiff also claims that approximately 50% of his work was performed on board a vessel, while Defendant claims that, as a welder, 80–90% of Plaintiff's time would have been spent aboard the fixed offshore platform.

During the course of his employment with Laredo, Plaintiff has been assigned to seven different barges. Six of these barges were time-chartered by Laredo, while the seventh was furnished to Laredo by one of its customers. Laredo does not own any of the barges that it uses. At least two of the barges, the M/V GRAND and the M/V DULARGE, are owned by Grand, Ltd., a sister company of Laredo Construction.

### III. ANALYSIS

Popeye is a sailor,

he eats spinach from a shoe.

If I eat lots of spinach,

am I a sailor, too?

■ To recover for injuries under the Jones Act, a plaintiff must be a seaman. The

Fifth Circuit has developed a two-part test for determining seaman status. The plaintiff must show that (1) he was permanently assigned to a vessel or an identifiable fleet of vessels or performed a substantial amount of his work on a vessel or fleet of vessels; and (2) the duties he performed contributed to the function of a vessel or the accomplishment of its mission. *Barrett v. Chevron, U.S.A., Inc.*, 781 F.2d 1067, 1072 (5th Cir. 1986); *Offshore Co. v. Robison*, 266 F.2d 769, 779 (5th Cir.1959).

Based on the foregoing law, the Court finds that Plaintiff is not a seaman, and thus cannot maintain an action under the Jones Act. Although Plaintiff advances several factors which seem to favor his status as a seaman, the totality of the circumstances indicate that he is not a seaman. After a careful review of the deposition testimony in this case, the Court finds that the Plaintiff has not performed a substantial part of his work on any vessel or fleet of vessels with any degree of regularity and continuity. *See Keener v. Transworld Drilling Co.*, 468 F.2d 729, 732 (5th Cir.1972). On the contrary, Plaintiff's testimony indicates that he steered a vessel two to three times, has "handled the lines" occasionally, welded a handrail on the M/V DULARGE, and occasionally operated a small crane on a vessel either because it was too hard to get a crane operator or because the crane operator needed a rest. These are merely incidental duties regarding navigation and operation of the various vessels on which he sporadically worked and can hardly be considered a substantial part of his work as a welder. Moreover, Plaintiff was not permanently assigned to any particular vessel or to an identifiable fleet of vessels. Therefore, Plaintiff cannot be considered a "seaman" for purposes of the Jones Act and has no entitlement to maintenance & cure. However, Plaintiff may have a cause of action for negligence based on a shipowner's duty of exercising reasonable care under the circumstances. *See Kermarec v. Compagnie Generale Tran-*

*satlantique*, 358 U.S. 625, 632, 79 S.Ct. 406, 410–11, 3 L.Ed.2d 550 (1959).[1]

Accordingly, for the reasons stated above, the Defendant's Motion for Summary Judgment on the issue of seaman's status is hereby **GRANTED**. Plaintiff has thirty (30) days from this date to amend his Complaint, in light of this Order, to properly state any claims left to him or to move for dismissal without prejudice, pursuant to FED.R.CIV.P. 41. In the interim, Plaintiff's claims of Jones Act negligence and general maritime law claims of unseaworthiness, and claims of maintenance and cure are **DISMISSED WITH PREJUDICE**, with each party to bear his or its own costs.

**IT IS SO ORDERED.**

### *PARTIAL FINAL JUDGMENT*

For the reasons set forth in the Order issued this date, Defendant's Motion for Summary Judgment on the issue of seaman's status is hereby **GRANTED** and all claims against all defendants predicated upon Jones Act negligence, general maritime law claims of unseaworthiness, and maintenance and cure entitlement are **DISMISSED WITH PREJUDICE**. All parties are **ORDERED** to bear their own taxable costs incurred herein to date.

**THIS IS A FINAL JUDGMENT**, on the foregoing issues. Any remaining claims remain pending, subject to further Order of the Court.

**IT IS SO ORDERED.**

1. The precise facts surrounding Plaintiff's injuries are nowhere set out with any specificity in the pleadings. Therefore, the Court opines a *Kermarec* remedy only theoretically. If he was injured in the performance of his duties as a welder upon a fixed platform, he will more likely be relegated to a compensation remedy, exclusively. *See* 43 U.S.C. § 1333; 33 U.S.C. § 901 et seq.